IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| **QUEEN TIERA R. MILLER** <br>   c/o 701 The City Club Building <br>   850 Euclid Avenue <br>   Cleveland, OH 44114 <br> <br>               Plaintiff, <br> <br>     **-vs-** <br> <br> <br> **CITY OF SHAKER HEIGHTS, OHIO** <br>   3400 Lee Road <br>   Shaker Heights, OH 44120 <br> <br>          and <br> <br> **TYLER SMITH**, in his official and <br> personal capacity <br>   3400 Lee Road <br>   Shaker Heights, OH 44120 <br>               Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **C O M P L A I N T** <br> )   Trial by Jury Endorsed <br>     Hereon <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## INTRODUCTION

1. This is an action brought to secure enforcement of federally protected rights arising out of governmental misconduct, encroachment and abuse in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and in its application.

2. The Plaintiff seeks declaratory, injunctive relief and damages.

## CLAIMS AND JURISDICTION

3. This action is initiated pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983, to redress the deprivation under color of statue, ordinance, regulation, custom or usage of rights, privileges and immunities secured to plaintiffs under the Fourth and Fourteenth Amendment to the United States Constitution.

4. Jurisdiction is invoked pursuant to 28 U.S.C §§ 1331 and 1343(a)(3) and (4). To the extent declaratory relief is sought, claims are asserted pursuant to 28 U.S.C. §§ 2201 and 2202.

5. At all times relevant to this complaint, Defendants have acted under color of law and under color of the statutes, ordinances, charter, regulations, customs, usages and practices of local government and a government official of the City of Shaker Heights, Ohio.

## **PARTIES**

6. Plaintiff Queen Tiera R. Miller ("Miller"), is a person who resides in Cuyahoga County, Ohio and is within the jurisdiction of the United States District Court for the Northern District of Ohio.

7. Defendant City of Shaker Heights, Ohio is the governmental employer of Defendant Tyler Smith and is a municipal corporation organized under the laws of the State of Ohio.

8. Defendant Tyler Smith is a police officer who was at all relevant times employed by Defendant City of Shaker Heights, Ohio and remains employed to date.

## **Count I**

### **CLAIMS UNDER THE FOURTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES**

9. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

10. On September 21, 2018, Ms. Miller was riding in the passenger seat of her vehicle through the City of Shaker Heights, Ohio.

11. Ms. Miller owned the vehicle which was driven by a female friend.

12. At about 2:15 a.m. the vehicle Ms. Miller was riding in was pulled over by Defendant Tyler Smith ("Smith"), a police officer employed by Defendant City of Shaker Heights.

13. Soon after Officer Smith pulled the vehicle over, Shaker Heights Police Officer B. Meredith arrived to back up Officer Smith.

14. Although Ms. Miller was a passenger, Officer Smith learned Ms. Miller had a suspended license.

15. At about 2:29 a.m., Ms. Miller was issued a citation by Officer Smith for the crime of wrongful entrustment of the vehicle to the driver.

16. Ms. Miller was asked to write her telephone number on the ticket and then was required to sign the ticket evidencing receipt.

17. At about 5:00 a.m., Miller arrived at her home.

18. Soon after she arrived home, Miller's cell phone rang numerous times.

19. After receiving numerous phone calls from a number she did not recognize, Ms. Miller answered her phone.

20. The individual calling her was Defendant Officer Tyler Smith.

21. Defendant Tyler Smith was the same officer who pulled over her vehicle a few hours earlier.

22. Officer Smith asked Ms. Miller if he could come over to her house and told her he was already near her home.

23. Officer Smith had Ms. Miller's address from the ticket he was involved in issuing hours prior.

24. After Ms. Miller asked Officer Tyler not to come to her home, Officer Tyler requested that Ms. Miller meet him at the Landmark restaurant in Cleveland.

25. Officer Smith, although aware Ms. Miller had a suspended license, still urged her to drive to meet him at the Landmark Restaurant in Cleveland.

26. Unsure and frightened that the police officer who had just been involved in ticketing her was asking that she meet him, Ms. Miller complied.

27. Ms. Miller met Officer Smith at the Landmark Restaurant.

28. Prior to finishing their meal, Officer Smith apologized to Ms. Miller that he issued the citation for wrongful entrustment, but told her that he would be able to make the ticket "go away" if Ms. Miller would have sex with him in her car.

29. In fear of retaliation if she were to refuse, Ms. Miller complied with Officer Smith's sexual demand.

30. Prior to leaving the restaurant, Officer Smith handed Ms. Miller $100, telling her that it was to help pay for the ticket in the event he were unable to "take care" of the citation.

31. Miller felt frightened, humiliated and violated.

32. In the following weeks, Ms. Miller and Officer Smith exchanged numerous text messages about the ticket.

33. Officer Smith then informed Miller that he could not "take care" of the ticket and that she would be required to appear in court.

34. The fear that she had been required to have sex with a police officer and then learning the ticket could not be "taken care of" intensified the fear and humiliation Ms. Miller was already suffering.

35. Officer Smith told Ms. Miller that he would pay her an additional $150 to cover the costs of the ticket.

36. On October 18, 2018, Ms. Miller and Officer Smith met at a Starbucks where Officer Smith handed Ms. Miller an additional $150.

37. Since being coerced into having sex with the police officer, Ms. Miller has suffered severe emotional distress, pain and suffering.

38. Ms. Miller regularly wakes up in fear of retaliation, in her inability to trust law enforcement officers and in her loss of personal self-worth.

39. Soon after these events, the City of Shaker Heights became aware of Ms. Miller's allegations.

40. In lieu of placing Smith on administrative leave, upon information and belief, Smith was not suspended, placed on administrative leave or fired.

41. As a police officer for Defendant City of Shaker Heights, Ohio, Officer Smith was acting under the authority of his governmental position with Defendant City of Shaker Heights and under the color of state law.

42. As a result of the acts and conduct by Defendants, Miller has been deprived of her personal and individual rights insured under the Fourth Amendment to the Constitution of the United States.

43. Defendant Smith, while acting under the authority of Shaker Heights and under the color of state law, knowingly used information he obtained while acting in his capacity as a police officer for personal use.

44. Smith then used his authority under color of law to pressure Ms. Miller into having sex with him.

45. As a result of the acts and conduct of Defendants, Ms. Miller has suffered severe emotional distress in addition to other compensatory damages.

46. Ms. Miller's loss is irreparable because it would be virtually impossible to restore her to the emotional state prior to her rights being violated by Defendants.

### Count II

### PROCEDURAL AND SUBSTANTIVE DUE PROCESS CLAIMS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

47. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

48. The acts and conduct of Defendants have been in wanton and reckless disregard of Plaintiff's rights and feelings associated with Officer Smith's pressuring Ms. Miller to have sexual relations with him.

49. Under color of state law, Defendants freely and openly violated the privacy rights of Plaintiff when Officer Smith unlawfully used the information written on Plaintiff's ticket to contact her and use his governmental authority to have a sexual relationship with him.

50. As a result of the acts and conduct by Defendants, Plaintiff has been deprived of her personal and individual rights insured under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

51. Defendants knowingly and intentionally violated the rights of Plaintiff insured under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

52. As a result of the acts and conduct of Defendants, Plaintiff has suffered from emotional distress and pain and suffering.

### Count III

### CLAIMS ARISING OUT OF DEFENDANT CITY OF SHAKER HEIGHTS' FAILURE TO TRAIN

53. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

54. Defendant City of Shaker Heights is obligated to train and enforce policies of its police department to insure that citizens are not subjected to inappropriate and abusive police misconduct.

55. Defendant City of Shaker Heights is obligated to insure that its police officers understand the consequences of police misconduct.

56. Defendant City of Shaker Heights is obligated to be educated about the rights of women and their right not to be coerced or pressured into inappropriate relations arising out of issuing traffic citations or any other police action.

57. Defendant City of Shaker Heights knew or should have known that the police training of Defendant Tyler Smith was inadequate coming from a different police department which may not have had adequate training concerning the rights of citizens whom they serve.

58. The acts and conduct of the City of Shaker Heights in failing to insure that Office Smith was not adequately training as a police officer for the city was in wanton and reckless of the rights and feelings of Ms. Miller.

59. Defendant City of Shaker Heights has not taken prompt, meaningful action against Officer Smith resulting in unnecessary fear instilled in the plaintiff that she could be subjected to additional police misconduct by Officer Smith.

60. As a result of the failure of the City of Shaker Heights to adequately provide sufficient training concerning the rights of women, plaintiff has suffered substantial pain and suffering and significant emotional distress.

61. The acts and conduct of Defendants have been in wanton and reckless disregard of Plaintiff's rights and feelings associated with Officer Smith's pressuring Ms. Miller Plaintiff into having sexual relations with him.

WHEREFORE, Plaintiffs urge this Court to grant the following relief:

A. Declare that the acts and conduct of the Defendants constitute violations of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, and the Fourth Amendment to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983;

B. Preliminarily and permanently enjoin the Defendants, their representatives and all others working in concert with them from engaging in the future in the actions which have the purpose or effect of depriving citizens, particularly, of rights insured under the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment;

C. Grant to the Plaintiffs and against the Defendants appropriate compensatory damages with statutory costs and statutory reasonable attorneys' fees as provided by federal law;

D. Grant any additional relief the Court deems just, equitable and in the public interest.

-
-

| | |
|---|---|
| *s/ Avery Friedman* | *s/ Jared S. Klebanow* |
| Avery Friedman   (0006103) | Jared S. Klebanow   (0092018) |
| AVERY FRIEDMAN & ASSOCIATES | KLEBANOW LAW, LLC |
| 701 The City Club Building | 701 The City Club Building |
| 850 Euclid Avenue | 850 Euclid Avenue |
| Cleveland, Ohio  44114 | Cleveland, Ohio 44114 |
| P: (216) 621-9282 | P: (216) 621-8230 |
| F: (216) 621-9283 | jklebanow@klebanowlaw.com |
| avery@lawfriedman.com | |

*Attorneys for Plaintiff Queen Tiera R. Miller*

## JURY DEMAND

Plaintiff hereby demands trial by jury.

　　　　　　　　　　　　　　　　　　　　/s/Jared Klebanow
　　　　　　　　　　　　　　　　　　　　Jared Klebanow