## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

There is no evidentiary support for Plaintiff's *Monell* claim against the City of Shaker Heights.  There is no evidence that Plaintiff's claimed injury was caused by an express policy of the City, a City official with final policymaking authority, or a widespread practice or custom of the City that is so common that it has the effect of a written policy.  A single incident is insufficient for Plaintiff to establish the existence of any custom or policy.  Although Plaintiff is likely to point to a prior complaint of alleged misconduct involving Officer Tyler Smith, the clear testimony of Commander John Cole proves that the prior complaint was fully investigated and determined to be unsubstantiated and therefore cannot form the basis of a "widespread practice or custom" of the Shaker Heights Police Department.  Furthermore, there is no evidentiary support that the City acted with a "deliberate indifference" with regard to the training of its officers.  The claims against the City of Shaker Heights must be dismissed with prejudice.

### II. STATEMENT OF FACTS

This case stems from a sexual encounter that occurred between Plaintiff Queen Miller and Defendant Officer Tyler Smith. Plaintiff alleges that Officer Smith used information he learned during a traffic stop to "pressure" Plaintiff to have sexual relations with him.

As against the City of Shaker Heights, Plaintiff has produced no evidence showing that a policy or custom of the City caused a Constitutional violation.  To the contrary, the deposition testimony of Commander John Cole proves that the Shaker Heights Police Department has adequate policies and procedures in place that prohibit the conduct that Officer Smith is alleged to have committed, and as with all claims of police officer misconduct, the Shaker Heights

1

Police Department has fully and properly investigated prior allegations of misconduct alleged against Officer Tyler Smith.

John Cole is the Commander of Auxiliary Police Services for the City of Shaker Heights Police Department. (Deposition of Commander John Cole ("Cole Depo.") at 7:14-16).[1] One of his functions is serving as the Internal Affairs Officer. (*Id.* at 8:6-7). In that capacity, he investigates misconduct complaints. (*Id.* at 9:16-19).

Defendant anticipates that Plaintiff will point to a prior complaint against Officer Smith in an attempt to raise an issue of fact. In 2017, Ms. Rushin complained to the Shaker Heights Police Department that Officer Smith had given her his phone number during a traffic stop and she felt uncomfortable, as if the officer was flirting with her. (*Id.* at 32:22-33-5; *see also* Plaintiff's Exhibit 6, introduced in Cole Depo.).[2] Commander Cole fully investigated the complaint. (*Id.* at 26:1-14). He interviewed both the complainant and Officer Smith. (*Id.* at 27:13-18).

Ms. Rushin complained of two incidents that were almost one year apart. (*Id.* at 34:22-35:2). Regarding the first incident, the complainant reported that Officer Smith provided his telephone number to her, and in order to be released from the stop she entered his number into her cell phone. Officer Smith told her to call him and that they could "hang out." (*Id.* at 32:22-33:5). At the second incident, it was alleged that Officer Smith performed a traffic stop of Ms. Rushin approximately one year after the first stop. During the stop, he asked Ms. Rushin why she had not called him, referring to when she received his phone number a year prior. (*Id.* at 37:2-10). Ms. Rushin perceived Officer Smith's comments as him flirting with her.

---

[1] The entire deposition has been filed separately with the Court. The relevant pages are attached as Exhibit A.
[2] The document is attached hereto as Exhibit B.

In his investigation, Commander Cole was able to interview Officer Smith and Ms. Rushin, examine the information, and reach a conclusion based upon the facts and findings he made in his investigation. (*Id.* at 37:19-22). Commander Cole reviewed Officer Smith's on-duty activities, in-car Digital Mobile Video-Audio Recordings (DMVARS), the police department's internal surveillance system, dispatch records, and the State of Ohio's Law Enforcement Sensitive Database. (Plaintiff's Exhibit 5, introduced in Cole Depo.)[3]  As part of his findings, he noted that Officer Smith had no similar allegations ever made against him during his time as an officer with the Shaker Heights Police Department. (*Id.* at 40:13-16). His investigation was closed and designated as "UNFOUNDED." (Plaintiff's Exhibit 5).

The Shaker Heights Police Department has departmental Rules and Regulations that officers must comply with. (Plaintiff's Exhibit 8, introduced in Cole Depo. at 46:21-24).[4]  It also has a published Code of Ethics that officers must comply with. (Plaintiff's Exhibit 9, introduced in Cole Depo. at 53:7-11).[5]  It has a Records Security and Privacy Policy that officers must comply with. (Cole Depo. at 56:19-22; Plaintiff's Exhibit 10, introduced in Cole Depo. at 56:5-6).[6]  Officers are trained regarding these policies. (Cole Depo. at 58:4-11). The police department's policies are reinforced at every step of the training process, and are reinforced throughout the officer's probationary period and the entire time an officer is wearing the uniform of the Shaker Heights Police Department. (*Id.* at 58:4-11). Violation of the department's policies subjects the officer to discipline up to and including termination. (*Id.* at 57:8-14).

### III. LAW AND ARGUMENT

#### A. Summary Judgment Standard

---

[3] The document is attached hereto as Exhibit C.
[4] The document is attached hereto as Exhibit D.
[5] The document is attached hereto as Exhibit E.
[6] The document is attached hereto as Exhibit F.

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F. 3d 937, 941 (6th Cir. 1995) (citing *Celotex v. Catrett*, 477 U.S. 317, 322). "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252).  The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249.  The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Courtney v. City of Cleveland*, N.D.Ohio No. 1:16-CV-578, 2017 WL 2819821, *3, reconsideration denied, N.D.Ohio No. 1:16 CV 5782017 WL 3479575 (citing *Anderson*, 477 U.S. at 249).

### B. The *Monell* Claim Against the City of Shaker Heights Fails

To establish liability against a municipality or municipal officials a plaintiff must prove that: (1) a Constitutional violation occurred, and (2) the City is "responsible for that violation." *Graham v. County of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004).  It is long-settled that 42 U.S.C. § 1983 does not impose liability upon a municipality based on *respondeat superior* or vicarious liability theories. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)).  A municipality incurs liability under §1983 ***only*** where its policy or custom causes the Constitutional violation in

question. *Monell*, 436 U.S. at 694. This is because "Congress did not intend municipalities to be liable unless action pursuant to official municipal policy of some nature caused a Constitutional tort." *Id.* at 691. Thus, there are only three bases for municipal liability under § 1983: (a) when an express policy causes a Constitutional violation; (b) when a widespread practice or custom is so common that it has the effect of a written policy; or (c) when the Constitutional injury is caused by a person with final policymaking authority. *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1120 (6th Cir. 1994). The City of Shaker Heights cannot be found liable unless Plaintiff can establish that an "officially executed policy or the toleration of a custom" within the City deprived her of a Constitutional right. *Averyhart v. City of Shaker Hts.*, N.D.Ohio No. 1:16-CV-2071, 2017 WL 3705928, *5, appeal dismissed, 2018 WL 1514425 (Jan. 5, 2018) (citing *Monell*, 436 U.S. at 691).

The Complaint does not allege, and no evidence has been produced, that an *express* policy causing the alleged Constitutional violation exists. Likewise, there is no allegation in the Complaint, nor any evidence that has been produced, that Officer Tyler Smith is a person with final policymaking authority. Therefore, the City of Shaker Heights cannot be found liable under either of those two theories of a *Monell* claim under §1983. As is set forth below, no evidence exists that the alleged Constitutional injury was the result of a widespread practice or custom that is so common that it has the effect of a written policy.

1. **There is no evidence that the alleged Constitutional injury was the result of a widespread practice or custom that is so common that it has the effect of a written policy.**

In order to establish liability under the theory of a *Monell* claim that the plaintiff's Constitutional injury was the result of a widespread practice or custom that is so common that it has the effect of written policy, Plaintiff must show that the custom is the result of a "clear and

persistent pattern." *Thomas v. City of Chattanooga*, 398 F.3d 426, 432 (6th Cir.2005) (citing *Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 508 (6th Cir.1996). It is well established that a single incident cannot form the basis for *Monell* liability under § 1983. *Thomas v. City of Chattanooga*, 398 F.3d 426, 430-31 (6th Cir. 2005). In rejecting an argument that § 1983 municipal liability can be based upon a solitary incident, the Sixth Circuit stated:

> The danger in appellants' argument is that they are attempting to infer a municipal wide policy based solely on one instance of potential misconduct. This argument, taken to its logical end, would result in the collapsing of the municipal liability standard into a simply respondeat superior standard. This path to municipal liability has been forbidden by the Supreme Court.

*Id.* at 432-33.

It is anticipated that in an effort to create an issue of fact, Plaintiff will point to the 2017 investigation into Officer Smith for a complaint he received for allegedly inappropriate comments made at a traffic stop. It is anticipated that Plaintiff will argue an "inaction" theory of municipal liability, as outlined by the Sixth Circuit in *Doe*, 103 F.3d 495. However, the facts here do not support such a theory.

Under that theory, Plaintiff "must show not only that the investigation was inadequate, but that the flaws in this particular investigation were representative of (1) a clear and persistent pattern of illegal activity, (2) which the Department knew or should have known about, (3) yet remained deliberately indifferent about, and (4) that the Department's custom was the cause of the [Constitutional injury] here." *Thomas*, 398 F.3d at 433. "Deliberate indifference 'does not mean a collection of sloppy, or even reckless oversights; it means evidence showing an obvious, deliberate indifference' to the alleged violation." *Id.* (quoting *Doe*, 103 F.3d at 508). Other courts within the Sixth Circuit have addressed similar arguments and stated that a prior

investigation does not create a genuine issue of material fact. "The mere fact of prior investigations into conduct does not, without more, create a genuine issue of material fact regarding a City policy of deliberate indifference or that the City was the "moving force" behind the alleged unconstitutional violations." *Arbuckle v. City of Chattanooga*, 696 F.Supp.2d 907, 927 (E.D.Tenn.2010); *see also Thomas*, 398 F.3d at 434 (6th Cir.2005) (holding that merely producing evidence of prior similar complaints against a police department does not prove a deliberate indifference by the municipality); *Brown v. Shaner*, 172 F.3d 927, 931 (6th Cir. 1999) (finding that summary judgment for the municipality was proper where plaintiffs produced no evidence indicating that the city had in the past failed to investigate and discipline the use of excessive force by its police personnel where such discipline was justified).

In this case, Commander Cole's testimony about the Department's response to the prior complaint against Officer Smith is clear – the allegation was fully investigated by the Internal Affairs Office of the Shaker Heights Police Department and it was determined that the complaint was unsubstantiated and no wrongdoing by Officer Smith was found. The investigation consisted of Commander Cole interviewing the complainant and Officer Smith, reviewing Officer Smith's on-duty activities, in-car Digital Mobile Video-Audio Recordings (DMVARS), the police department's internal surveillance system, dispatch records, and the State of Ohio's Law Enforcement Sensitive Database.

Plaintiff has produced no evidence that this internal investigation was flawed, or that the conclusion reached was in error. Plaintiff has produced no evidence of other similar "constitutional violations" that were not adequately investigated. No reasonable mind could conclude that Commander Cole or the City of Shaker Heights Police Department acted with "deliberate indifference" in investigating the 2017 complaint against Officer Smith. Indeed,

there is no evidence that the conclusion was even in error, much less that the error was reached because of deliberate indifference with respect to the investigation.

Plaintiff has failed to point to evidence of (1) a clear and persistent pattern of illegal activity, which the Shaker Heights Police Department knew or should have known about, (2) yet remained *deliberately indifferent* about, and (3) that the Department's custom was the cause of the Plaintiff's injury here.  Plaintiff has failed to sustain her burden of proof and consequently the Complaint against the City of Shaker Heights must be dismissed.

### 2. There is no evidence that the City of Shaker Heights failed to train Officer Smith.

The Complaint alleges that the City of Shaker Heights failed to train Officer Smith. A plaintiff can establish municipal liability "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants." *Irvin v. City of Shaker Hts.*, 809 F.Supp.2d 719, 740 (N.D.Ohio 2011) *(*quoting *Canton v. Harris,* 489 U.S. 378, 389 (1988)).  In discussing a plaintiff's failure to train claim, the Sixth Circuit explained that:

> In order to prevail against a municipality, the plaintiff must show that inadequate training represented a city policy and that the need for better training was so obvious and the inadequacy so likely to result in a violation of a constitutional rights, that the municipality can be said to have been deliberately indifferent to the need.

*Jordan v. Summit Cty., Ohio*, N.D.Ohio No. 5:17-CV-02047, 2018 WL 4335598, *9–10 (citing *Barber v. City of Salem, Ohio*, 953 F.2d 232, 235-236 (6th Cir. 1992).  To succeed on this claim, a plaintiff must prove that "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Gill v. Kovach*, 729 F.Supp.2d 925, 937–38 (N.D.Ohio 2010) (quoting *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700

(6th Cir.2006)). The evidence not only fails to show a deliberate indifference by the Shaker Heights Police Department, but rather the evidence shows Department provided significant training to Officer Smith.

The Department has written policies in place that concern the alleged misconduct of Officer Smith. The Department has published Rules and Regulations for its officers, it has a published Code of Ethics, and it has a Records Security and Privacy Policy, all of which the officers, including Officer Smith, are required to comply with. Commander Cole testified that these policies are reinforced at every step of the training process, and are reinforced throughout the officer's probationary period and the entire time an officer is wearing the uniform of the Shaker Heights Police Department. Complaints are fully investigated by the Internal Affairs Office and appropriate discipline is applied. Plaintiff has failed to identify any inadequate training that was the result of a "deliberate indifference" by the City of Shaker Heights, and that any such inadequate training actually caused the Plaintiff's alleged injury. Plaintiff has failed to sustain her burden of proof and consequently the Complaint against the City of Shaker Heights must be dismissed.

## IV. CONCLUSION

There is no evidentiary support for Plaintiff's *Monell* claim against the City of Shaker Heights, Ohio because there is no evidence of a custom or policy that caused Plaintiff's injury. Therefore even if Plaintiff could prove a Constitutional injury was caused by Officer Smith, which is denied, Plaintiff's claim against the City of Shaker Heights still fails as a matter of law. The City of Shaker Heights respectfully requests for the Court to dismiss the Plaintiff's Complaint against it with prejudice.

Respectfully submitted,

/s/*Steven D. Strang*
**STEVEN D. STRANG (0085444)**
**GALLAGHER SHARP LLP**
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, OH 44115
(216) 241-5310 Office
(216) 241-1608 Fax
sstrang@gallaghersharp.com
*Attorney for Defendant City of Shaker Heights*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on December 16, 2019. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by electronic and/or regular U.S. Mail. Parties may access this filing through the Court's system.

/s/*Steven D. Strang*
**STEVEN D. STRANG (0085444)**
**GALLAGHER SHARP LLP**
*Attorney for Defendant City of Shaker Heights*