UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| QUEEN TIERA R. MILLER, | ) CASE NO.: 1:19-CV-01080 |
| Plaintiff, | ) JUDGE: DONALD C. NUGENT |
| vs. | ) **DEFENDANT TYLER SMITH'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| CITY OF SHAKER HEIGHTS, OHIO, et al., | ) |
| Defendants. | ) |

Now comes Defendant, Tyler Smith, by and through counsel, Mazanec, Raskin & Ryder Co., L.P.A., and hereby respectfully submits this reply brief in support of his Motion for Summary Judgment. Plaintiff's opposition fails to set forth genuine issues of material fact to support her Fourth and Fourteenth Amendment Claims.

**I.    MOTION FOR SUMMARY JUDGMENT ARGUMENTS NOT CONTESTED**

As an initial matter, Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment fails to contest a number of arguments raised in Defendants' Motion for Summary Judgment. Specifically, Plaintiff's opposition wholly ignores Defendant Smith's argument related to procedural due process. Failure to address this argument, waives any opposition to it, entitling Defendant Smith to dismissal of the procedural due process claim. See *Allstate Ins. Co. v. Global Medical Billing, Inc.*, 520 Fed.Appx. 409 (6th Cir.2013); see also *Humphrey v. U.S. Attorney Gen.'s Office*, 279 Fed.Appx. 328, 331 (6th Cir.2008).

**II.   ADDRESSING FACTUAL ALLEGATIONS**

Plaintiff's opposition cites to a variety of factual disputes between Plaintiff Miller and Defendant Smith's testimony. While Defendant agrees that there are differences in the testimony, Defendant Smith has taken Plaintiff's testimony as true in drafting his Motion for Summary

Judgment. The facts Plaintiff cites to are largely irrelevant and fail to create a genuine issue of material fact.

### III. LEGAL ANALYSIS

#### A. Plaintiff's Fourth Amendment Claim Fails as a Matter of Law.

Plaintiff cites to *Taylor v. Brandon*, No. 3:14-CV-0588-DJH, 2018 WL 3581142 (W.D. Ky Jan 30, 2018) in support of her Fourth Amendment claim arguing citizens are entitled to be free from unreasonable physical conduct of police and other government actors. However, Section 1983 claims that involve the sexual abuse or harassment of civilians by police officers have been treated as substantive due process violations under the Fourteenth Amendment, even when the sexual abuse occurred during, or immediately after, a routine traffic stop. *Compton v. City of Harrodsburg*, No. 5:12-cv-302-JMH, 2013 WL 663589, *5 (E.D. Ky. Feb. 22, 2013); citing *Fontana v. Haskin*, 262 F.3d 871, 882 (9th Cir.2001) ("Sexual misconduct by a police officer toward another generally is analyzed under the Fourteenth Amendment…"). This claim is to the exclusion of a Fourth Amendment unreasonable seizure or unreasonable use of force claim.

As a result, Plaintiff's Fourth Amendment claim is inappropriate and fails as a matter of law.

#### B. Plaintiff's Constitutional Claims Fail Because Officer Smith was Not Acting Under Color of Law.

Plaintiff's constitutional claims require Plaintiff to prove that Officer Smith was acting under color of law when he and Plaintiff Miller engaged sexual conduct. Plaintiff claims Smith acted under color of law because he had access to Ms. Miller based on his position as a police officer. Plaintiff alleges that Officer Smith was acting under color of law because he obtained her personal information from her traffic ticket. Viewing the factual allegations in a light most favorable to Plaintiff, Officer Smith was not acting under color of law.

To be considered a "state actor" under § 1983, one's conduct must be "fairly attributable to the State." *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). "It is 'axiomatic that **under 'color' of law means 'pretense' of law** and that acts of officers in the ambit of their **personal pretenses are plainly excluded**.'" *Monsky*, 127 F.3d at 245, *quoting Pitchell v. Callan*, 13 F.3d 545, 547-48 (2nd Cir.1994). (Emphasis added.)  With regards to a police officer acting under color of state law, the Sixth Circuit explains:

> The fact that a police officer is on or off duty, or in or out of uniform is not controlling. "**It is the nature of the act performed**, not the clothing of the actor or even the status of being on duty, or off duty, which determines whether the officer acted under color of law."

*Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir.1975). (Emphasis added.)  Acts of police officers in the **ambit of their personal, private pursuits** fall outside of civil rights statute. *Stengel*, 522 F.2d at 441. (Emphasis added.) Further, a plaintiff's **subjective fear of retribution alone is insufficient to establish that a police officer was acting under color of law**. *Drury v. Volusia County*, M.D.Florida Case No. 6:10-CV-1176-Orl-28DAB, 2012 WL 162362 (unreported and attached to the Motion for Summary Judgment). (Emphasis added.)

Plaintiff argues Officer Smith pursued Plaintiff Miller for his own sexual pleasure. Such actions are inherently for his personal, private pursuits and fall outside of any pretense of law or purview as a state actor as it did not employ the use of power possessed by virtue of being a police officer. When Officer Smith met with Plaintiff at the Landmark Restaurant, or when he had sex with her, he was not on shift, was not acting under pretense of law, and was not exercising any authority or power possessed by virtue of being a police officer. The nature of the act – consensual sex (or even an allegedly coerced sexual relationship) – was purely personal and private pursuit and not the use or misuse of police powers or under the pretense of law.

3

Regardless of how Officer Smith obtained Plaintiff's contact information, Officer Smith was not acting or exercising any authority or possessed by virtue of being a police officer in his sexual interaction with Plaintiff.  Such actions were not part of Officer Smith's official responsibilities or to further an interest of law enforcement and there is no evidence that Officer Smith intended to act in his official capacity.  His conduct furthered no governmental interests and was not related in any meaningful way to Officer Smith's status as a police officer.  Officer Smith made no threat of prosecution, no threat of violence, or use of power of the State.  At most, there was an offer to pay for the ticket. (Exhibit B to Defendants Motion for Summary Judgment at p. 68.)  As noted by the 6th Circuit in *Stengle*, supra, the nature of act performed determines whether the conduct was under color of law.  Offering money for a traffic ticket or for sex is not conduct under color of law.

Plaintiff seeks to distinguish her claim from that of *Harmon v. Grizzel*, No. 1:03CV169, 2005 WL 1106975 (S.D. Ohio Apr. 21, 2005).  However, *Harmon* establishes that the sexual conduct by Officer Smith was clearly for his own personal, private purposes and not state action. In *Harmon*, Harmon filed suit alleging that Grizzel acted under color of law when (1) Grizzel was on duty, in uniform, and in a city police car; (2) **Harmon followed Grizzel out of respect for officer authority**; and (3) Grizzel had a gun and handcuffs." *Harmon*, supra at *6.  (Emphasis added.)  The *Harmon* court determined that these facts were insufficient to establish Grizzel acted under color of law.  Specifically, the Court noted:

> "While Harmon stated that she followed Grizzel [out of] respect for officer authority she also explained that she did not want to show disrespect to a police office in front of a civilian.  **This is not a clear indication that Grizzel was purporting to exercise any authority as a police officer**.[…]  Finally, while Grizzel may have had a gun and handcuffs on his person during the incident, at no time did he threaten Harmon with their use."

4

*Harmon*, supra at *7. (Emphasis added.) As a result, the Court concluded that Grizzel's actions were in the course of his personal, private pursuits, noting that "[c]learly Grizzel's inappropriate sexual acts once inside Harmon's car were purely private conduct." *Harmon*, supra at *7.

Likewise here, Plaintiff voluntarily met Officer Smith at Landmark Restaurant. (Deposition of Queen Miller, at pp.60-64.) Plaintiff voluntarily followed Officer Smith from the restaurant in her own vehicle to a bank where Officer Smith allegedly withdrew money. (Miller Depo., at pp. 68-69.) Officer Smith then allegedly asked Plaintiff to follow somewhere where they could have sex. Plaintiff said no, but asked if he had a condom. (Miller Depo., at pp.79-81.) Officer Smith said no but that he could get one. (Miller Depo., at pp.81-82.) Plaintiff voluntarily followed Officer Smith to a gas station where Officer Smith went in and bought a condom. (Miller Depo., at p. 83.)

Plaintiff then voluntarily followed Officer Smith to a location to have sex. (Miller Depo., at pp. 84-85.) She followed Officer Smith to a side street where he got out of his car and asked Plaintiff to get in to his vehicle. (Miller Depo., at p. 85.) Plaintiff said no but unlocked her door so that Officer Smith could get in. (Miller Depo., at p.86.) They engaged in oral sex with Plaintiff sitting in the passenger seat and Officer Smith kneeling on the floorboard facing her. (Miller Depo. at pp. 86-94). Officer Smith then put on a condom and they had sex briefly. (Miller Depo., at pp. 95-96.) Officer Smith then left in his own vehicle. (Miller Depo., at p. 97.)

During the entirety of the above interaction, Plaintiff had her cell phone, but never called 9-1-1 for assistance. Despite multiple opportunities to drive to a place of safety or call the police, Plaintiff chose to follow Officer Smith and have sex with him. Any claimed subjective fear Plaintiff experienced towards Officer Smith is insufficient to morph the sexual interaction into

5

actions "under color of law." Like in *Harmon*, supra, the "fear" of law enforcement, like the "respect" for law enforcement, does not convert the conduct into conduct under "color of law."

Plaintiff fails to set forth factual allegations to creating a genuine issue of material fact that Officer Smith was acting under color of law. Therefore, her § 1983 claims fail as a matter of law.

> C. **Plaintiff's Substantive Due Process Claim Under the Fourteenth Amendment Fails.**

Plaintiff contends that the two separate versions of events from Plaintiff and Officer Smith create a genuine issue of material fact related to her Fourteenth Amendment claim. However, Defendant relied on Plaintiff's own testimony which is insufficient to create such a genuine issue.

Plaintiff 's reliance on *Kane v. Barger*, 902 F.3d 185 (3rd Cir.2018), a Third Circuit case, to establish that Officer Smith's conduct would shock the conscience, is misplaced. First Kane, as an out of circuit case is not clearly established law. In *Kane*, a woman (Kane), believing she may have been subjected to a sexual assault, visited the police station to report her concern. *Kane*, 902 F.3d at 188. Then, while attempting to make a report at the police station, Barger, the police officer, met with Kane alone in a back room where he photographed intimate areas of Kane's body with his personal cell phone, pulling her shorts and tank top down to expose her right buttock and upper chest. *Kane*, supra at 193. Barger's conduct was on duty, occurring **during** an investigation, at the police station **using power possessed by virtue of his official duty in conducting the investigation**.

Here, however, Plaintiff fails to establish that Officer Smith's conduct was an exercise of police power, in furtherance of any police duty, or that her free will was overcome by Officer Smith. Plaintiff fails to produce sufficient evidence that Officer Smith physically or psychologically coerced her into the sexual interaction. Plaintiff fails to produce any evidence that Officer Smith threatened her to obtain her consent. Officer Smith made no threat of prosecution,

6

threat of violence or physical control over Plaintiff, nor did he use police authority to obtain or coerce her consent. He merely offered her help paying the ticket by giving her money and asking for sex to which she consented.

Despite her allegation to the contrary, Plaintiff produces no evidence of threat or coercion. Plaintiff's testimony establishes ample opportunity to reject Officer Smith's request for sex and avoid his alleged advances. Plaintiff was never in Officer Smith's vehicle. Officer Smith never went to her house. Plaintiff voluntarily met Officer Smith at the Landmark Restaurant. Plaintiff entered her own vehicle and followed Officer Smith to the bank for him to get money for Plaintiff. Plaintiff proceeded to follow Officer Smith in her own vehicle to a gas station for him to purchase a condom. Plaintiff continued in her own vehicle to a side street location with Officer Smith. Plaintiff then voluntarily unlocked her vehicle and let Officer Smith into the passenger side of her vehicle. Officer Smith and Plaintiff engaged in sexual conduct and left after Officer Smith's request to have sex a second time was rebuffed. There were no threats by Officer Smith, only offers of assistance and money. There was no use of police authority to coerce sex.

Plaintiff's testimony alone is insufficient to establish that her sexual interaction with Officer Smith was anything less than consensual. As a result, she is unable to set forth sufficient evidence that this consensual sexual interaction with Officer Smith was so egregious as to shock the conscience as is necessary to establish a substantive due process claim. Her subjective testimony of alleged fear of law enforcement without objective support does not create a genuine issue of material fact. *Drury*, supra, *Harmon*, supra. Her testimony fails to demonstrate that Officer Smith's conduct violates substantive due process violation under the Fourteenth Amendment as shocking the conscience of the court a matter of law.

>   D. **Clearly Established Law Would Not Inform a Reasonable Police Officer that the Interaction Between Officer Smith and Plaintiff Including Their Sexual Encounter, Would Violate Substantive Due Process.**

Plaintiff fails to point to particularized clearly established case law sufficient to place every reasonable police officer on notice that Officer Smith's actions would be deemed unconstitutional under substantive due process.  In determining whether a reasonable officer would have known that his conduct was unlawful, the court is instructed to look first to the precedent of the Supreme Court, then to case law from the Sixth Circuit, and finally to decisions from other circuits.  *Humphrey v. Mabry*, 482 F.3d 840, 852 (6th Cir.2007).  Only in extraordinary circumstances can a court look beyond the Supreme Court and Sixth Circuit precedent to find clearly established law.  *Key v. Grayson*, 179 F. 3d 996, 1000 (6th Cir.1999).

Plaintiff fails to point to such clearly established law.  Instead Plaintiff relies on a Third Circuit case, *Kane*, supra, in an attempt to argue that Officer Smith should be denied qualified immunity.  However, *Kane*, as a Third Circuit decision, is not clearly established law in the Sixth Circuit.  Further, *Kane* is insufficient to place Officer Smith, or any reasonable officer, on notice that his actions in this matter would violate clearly established constitutional substantive due process law.  In *Kane*, the officer's conduct occurred at the police station while the officer was on duty and investigating an alleged crime, none of which exists in the current matter.  *Kane*, supra at 196.

Plaintiff also cites to *United Pet Supply, Inc. v. City of Chattanooga, Tenn.*, 768 F.3d 464, to oppose Officer Smith's assertion of qualified immunity.  However, the Court in *United Pet Supply, Inc.* was not addressing substantive due process in the context of a sexual encounter, but rather was addressing the applicability of qualified immunity to a private party.  *United Pet Supply, Inc.*, 768 F.3d at 480.

8

Neither *Kane* nor *United Pet Supply, Inc*. places an officer on notice that having a sexual encounter with a women they have offered to assist in paying a traffic ticket after a traffic stop is beyond debate a substantive due process violation as required to deny qualified immunity. Federal law establishes that consensual sexual relationships between citizens and police officers do not violate the constitution. *Villanueva v. City of Scottsbluff*, 779 F.3d 507 (8th Cir.2015). Even assuming Plaintiff's version of the events, an officer could have an objectively reasonable belief that Plaintiff consented to the sexual encounter with Officer Smith so that he is entitled to qualified immunity. An officer would not be on notice as a result of clearly established law that offering to assist Plaintiff by offering to pay for the ticket would be seen to shock to conscious of the court or be deemed to have coerced Plaintiff to have sex, shocking the conscience of the Court.

Following Officer Smith's shift on the day in question, Plaintiff voluntarily met him at the Landmark Restaurant. She voluntarily followed Officer Smith, who was driving his personal vehicle, to the bank in her own vehicle where he withdrew money to give to Plaintiff. She initially said no to Officer Smith's request for sex, but asked if he had a condom. Officer Smith advised he could get one and he traveled to a gas station and Plaintiff again followed. After Officer Smith bought the condom, Plaintiff, again in her own vehicle followed him to a side street. Plaintiff refused to get into Officer Smith's vehicle but unlocked the passenger side of her vehicle to let him in her car.

A reasonable public official in Officer Smith's position would have an objectively reasonable belief that the sexual interaction was consensual and comports with clearly established law. More importantly, Plaintiff sets forth no clearly established case law that would inform every reasonable official in Officer Smith's positon that what he did was in violation of Plaintiff's substantive due process rights as shocking the conscience of the Court.

IV.     **CONCLUSION**

As demonstrated in Officer Smith's Motion for Summary Judgment and this Reply, Plaintiff fails to create genuine issue of material fact for trial of her claims. Plaintiff is unable to establish any claim under the Fourth Amendment. Plaintiff fails to set forth sufficient factual allegations to establish that Officer Smith was acting under color of state law. Assuming arguendo that he was acting under color of state law, Plaintiff is unable to create a genuine issue of material fact that Officer Smith violated her substantive due process under the Fourteenth Amendment. Further, Officer Smith is entitled to qualified immunity from Plaintiff's claims as there is no clearly established law that would have informed him his conduct would shock the conscience of the Court.

Based on the foregoing, Defendant Tyler Smith respectfully requests that the Court grant his summary judgment on Plaintiff's Complaint.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Terence L. Williams*
JOHN T. MCLANDRICH  (0021494)
TERENCE L. WILLIAMS  (0081363)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   jmclandrich@mrrlaw.com
             twilliams@mrrlaw.com

Counsel for Defendant Tyler Smith

## CERTIFICATE OF SERVICE

  I hereby certify that on January 24, 2020, a copy of the foregoing Defendant Tyler Smith's Reply in Support of Motion for Summary Judgment was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/Terence L. Williams*
JOHN T. MCLANDRICH  (0021494)
TERENCE L. WILLIAMS  (0081363)

Counsel for Defendant Tyler Smith

TRID-190137/Smith RIS of MSJ