UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| QUEEN TIERA R. MILLER, | CASE NO.: 1:19-CV-01080 |
| Plaintiff, | JUDGE: DONALD C. NUGENT |
| vs. | **DEFENDANT TYLER SMITH'S MOTION IN LIMINE TO EXCLUDE REFERENCES OR TESTIMONY REGARDING DEFENDANT SMITH'S PRIOR INCIDENTS OR INVESTIGATIONS** |
| CITY OF SHAKER HEIGHTS, OHIO, et al., | |
| Defendants. | |

Now comes Defendant Tyler Smith, by and through counsel, Mazanec, Raskin & Ryder Co., L.P.A., and hereby moves this Honorable Court for an Order excluding reference to, evidence regarding or testimony concerning any alleged prior incidents, complaints, or investigations regarding Defendant Smith. As discussed more fully in the attached Brief in Support, any prior alleged incidents, complaints or investigations are not relevant to the allegations or claims in this case. Such incidents or investigations would constitute impermissible evidence of other alleged crimes, wrongs, or acts. Further, such evidence would be unduly prejudicial. For these reasons, Defendant's Motion in Limine to exclude any reference, testimony or evidence regarding any prior investigations, complaints or incidents related to Defendant Smith should be granted.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Terence L. Williams*
JOHN T. MCLANDRICH (0021494)
TERENCE L. WILLIAMS (0081363)
100 Franklin's Row; 34305 Solon Road
Cleveland, OH 44139
(440) 248-7906; (440) 248-8861 – Fax
Email: jmclandrich@mrrlaw.com
twilliams@mrrlaw.com
*Counsel for Defendant Tyler Smith*

# CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2020, a copy of the foregoing Defendant Tyler Smith's Motion in Limine to Exclude References or Testimony Regarding Defendant Smith's Prior Incidents or Investigations was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Terence L. Williams*
JOHN T. MCLANDRICH (0021494)
TERENCE L. WILLIAMS (0081363)

Counsel for Defendant Tyler Smith

TRID-190137/Smith MIL to Exclude Prior Incidents

**BRIEF IN SUPPORT**

I.   **INTRODUCTION**

Defendant Smith is an officer with the Shaker Heights Police Department and is the only remaining Defendant. Plaintiff alleges that Defendant Smith utilized his position as a police officer to coerce her into sexual relations using a ticket he gave her as leverage. As a Shaker Heights Police Officer, Defendant Smith has been the subject of prior citizen complaints and one or more internal Shaker Heights investigations. Defendant anticipates that Plaintiff will attempt to offer testimony or evidence regarding prior incidents, complaints or investigations. Defendant anticipates that Plaintiff will seek to introduce evidence or testimony regarding a complaint by a female citizen, Celeste Rushin, involving Defendant Smith. Ms. Rushin submitted a citizen complaint to the Shaker Heights Police Department regarding her claim that Defendant Smith acted inappropriately and suggestively during a stop where he pulled her over about a year after he previously pulled her over. Ms. Rushin alleged that Defendant Smith used the second stop to inquire whether she still had a boyfriend. There were no allegations of any coercion into a sexual relationship. The Shaker Heights Police Department investigated Ms. Rushin's complaint which it deemed unfounded and the investigation was closed.

Any prior complaints or investigations related to Defendant Smith are irrelevant to Plaintiff's claims such allegations and would only serve as impermissible character evidence of other crimes, wrongs, or acts. Further, such evidence is not relevant or probative as to any issue for trial and would only be prejudicial. As such, Defendant's Motion in Limine seeks to exclude any reference, testimony or evidence concerning other citizen complaints and investigations at the Trial of the within matter and should be granted.

## II. OTHER ALLEGED INCIDENTS, COMPLAINTS OR INVESTIGATIONS ARE NOT RELEVANT TO THE ALLEGATIONS OR CLAIMS IN THIS CASE.

Any citizen complaints or corresponding investigations by the City of Shaker Heights Police Department related to Defendant Smith are not relevant to the allegations or claims in this case. As such, any reference to those other citizen complaints or investigations should be excluded. The purpose of a motion in limine is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004). To be relevant, and therefore admissible, evidence must have a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401. Even if evidence is relevant, it must be excluded under Fed. R. Evid. 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury…" Fed. R. Evid. 403.

Here, Defendant anticipates that Plaintiff will attempt to offer testimony or evidence regarding other citizen complaints and internal investigations by the Shaker Heights Police Department concerning Defendant Smith, specifically the complaint by Ms. Rushin. Reference to, or testimony or evidence concerning such complaints and investigations does not make the existence of any fact more or less probable. Such complaints or investigations are not related in any way to the within case, and are irrelevant to Plaintiff's pending claim under the Fourteenth Amendment for a substantive due process violation. Whether Officer Smith was flirtatious with Ms. Rushin does not make it more or less probable Officer Smith and Ms. Miller had consensual sex or coerced sex. Even if evidence of other complaints and investigations is somehow relevant, which it is not, that evidence must still be excluded because the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

4

The use of a mere allegation for flirtatious behavior to try to prove coerced sex is not probative and would be highly prejudicial to Officer Smith. As such, any reference, testimony or evidence of other complaints or investigations regarding Defendant Smith at the Trial of the within matter should be excluded.

Pursuant to Federal Rule of Evidence 404(b), "evidence of a crime, wrong, or other act is no admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Under this rule, the Southern District of Ohio determined that alleged other acts of sexual harassment does not tend to make the existence of any fact of consequence more or less probable in a lawsuit concerning sexual harassment and retaliation. *Abernathy v. Corinthian Colleges, Inc.*, S.D. Ohio 2:10-cv-131, 2013 WL 12180711 (S.D. Ohio 2013).

Thus, any reference, testimony or evidence to other complaints or investigations involving Defendant Smith would be evidence of other alleged crimes, wrongs, or acts which are irrelevant to the pending claims. None of the other complaints or investigations involve allegations of sexual interaction with Defendant Smith. None of Plaintiff's claims are based on these other investigations or complaints. Any reference to other complaints and investigations can only be intended to invoke the impermissible inference that Defendant Smith may have engaged in other crimes, wrongs or acts and that, therefore, he is likely to have engaged in the alleged sexual coercion in this case. Any such alleged probative value would also be outweighed by the highly prejudicial nature of such testimony. As such, any reference, evidence or testimony of other acts or investigations at the Trial of the within mater should be excluded.

**III.	CONCLUSION**

For these reasons, Defendant Smith's Motion in Limine to exclude the reference, evidence or testimony of other complaints and investigations concerning Defendant Smith at the Trial of the within matter should be granted.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Terence L. Williams*
JOHN T. MCLANDRICH  (0021494)
TERENCE L. WILLIAMS  (0081363)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:	jmclandrich@mrrlaw.com
	twilliams@mrrlaw.com

Counsel for Defendant Tyler Smith

TRID-190137/Smith MIL to Exclude Prior Incidents