UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| QUEEN TIERA R. MILLER, | ) | CASE NO.: 1:19-CV-01080 |
|---|---|---|
| Plaintiff, | ) ) | JUDGE: DONALD C. NUGENT |
| vs. | ) ) | **DEFENDANT TYLER SMITH'S MOTION IN LIMINE TO EXCLUDE SMITH'S SEXUAL EXPERIENCE OR HISTORY** |
| CITY OF SHAKER HEIGHTS, OHIO, et al., | ) ) ) | |
| Defendants. | ) ) | |

Now comes Defendant Tyler Smith, by and through counsel, Mazanec, Raskin & Ryder Co., L.P.A., and hereby moves this Honorable Court for an Order excluding reference to, evidence regarding or testimony concerning Defendant Smith's prior sexual experience or history with individuals other than Plaintiff. As discussed more fully in the attached Brief in Support, Defendant Smith's prior sexual experience or history, including number of sexual partners, is not relevant to the allegations or claims in this case. Essentially, Plaintiff would use such evidence of past consensual sexual acts to insinuate that he was capable of the alleged coercion of Plaintiff into the sexual interaction at issue in Plaintiff's Complaint or to attack his character. As such, this evidence should be excluded as irrelevant and prejudicial under Federal Rules of Evidence 401 and 403. Moreover, such evidence or testimony would be impermissible character evidence under Federal Rule of Evidence 404(a). For these reasons as more fully set forth in the attached Brief in Support, Defendant's Motion in Limine to exclude any reference, testimony or evidence of his consensual sexual history or experience with individuals other than Plaintiff should be granted.

              Respectfully submitted,

              MAZANEC, RASKIN & RYDER CO., L.P.A.

              *s/Terence L. Williams*

JOHN T. MCLANDRICH (0021494)
TERENCE L. WILLIAMS (0081363)
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
(440) 248-8861 – Fax
Email: jmclandrich@mrrlaw.com
twilliams@mrrlaw.com

Counsel for Defendant Tyler Smith

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2020, a copy of the foregoing Defendant Tyler Smith's Motion in Limine to Exclude Smith's Sexual Experience or History was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Terence L. Williams*
JOHN T. MCLANDRICH (0021494)
TERENCE L. WILLIAMS (0081363)

Counsel for Defendant Tyler Smith

TRID-190137/Smith MIL to Exclude Sex History

## BRIEF IN SUPPORT

**I.   INTRODUCTION**

Plaintiff alleges that Defendant Smith utilized his position as a police officer to coerce her into sexual relations using a ticket he gave her as leverage.  Defendant Smith anticipates that Plaintiff will seek to introduce evidence or testimony regarding Defendant Smith's past consensual sexual history and experience, including the number of partners with whom he engaged in consensual sexual intercourse.  However, Defendant Smith's prior consensual sexual history and experience with individuals other Plaintiff is irrelevant to Plaintiff's claims and allegations and would only serve as impermissible evidence of Defendant Smith's character or character traits.  Any possible probative value, if any, would be outweighed by the prejudicial nature of such evidence.  As such, Defendant's Motion in Limine to exclude any reference, testimony or evidence concerning Defendant Smith's sexual history or experience with individuals other than Plaintiff at the Trial of the within matter should be granted.

**II.   DEFENDANT SMITH'S PRIOR SEXUAL HISTORY OR EXPEREINCE WITH INDIVIDUALS OTHER THAN PLAINTIFF IS NOT RELEVANT TO THE ALLEGATIONS OR CLAIMS IN THIS CASE.**

Any reference or evidence regarding Defendant Smith's past sexual history or experience with individuals other than Plaintiff is not relevant to the allegations or claims in this case.  As such, any reference to the same should be excluded.

To be relevant and therefore admissible, evidence must have a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action.  Fed. R. Evid. 401.  Even if evidence is relevant, it must be excluded under Fed. R. Evid. 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury…"  Fed. R. Evid. 403.

Here, Defendant Smith anticipates that Plaintiff will attempt to offer testimony or evidence of his past consensual sexual history or experience with individuals other than Plaintiff. Reference, testimony or evidence concerning Defendants Smith's past consensual sexual experience with individuals other than Plaintiff does not make the existence of any fact more or less likely. Such evidence is not related in any way to the within case, and is irrelevant to Plaintiff's pending claims. Even if such evidence is relevant, which it is not, that evidence must still be excluded because the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. As such, any reference, evidence or testimony regarding Defendant Smith's past consensual sexual experience with individuals other than Plaintiff at the Trial of the within matter should be excluded.

Under Federal Rule of Evidence 404(a), "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a).

Any reference, testimony or evidence to Defendant Smith's past consensual sexual history or experience with individuals other than Plaintiff would be an attempt by Plaintiff to argue that his consensual sexual past can somehow prove that he acted in conformity with prior sexual character in allegedly coercing Plaintiff into a sexual relationship. Any reference, testimony or evidence regarding Defendant Smith's past consensual sexual experience and history with individuals other than Plaintiff can only be utilized to impermissibly infer that Defendant Smith acted in accordance with some sexual deviance based on the number of sexual partners he may have previously had and that he is likely to have engaged in the alleged sexual coercion of Plaintiff in this case based on some character trait based on his past sexual history. Any such reference,

evidence or testimony regarding Defendant Smith's past consensual sexual history or experience with individuals other than Plaintiff at Trial of the within matter should be excluded.

## III. CONCLUSION

For these reasons, Defendant Smith's Motion in Limine to exclude reference, evidence or testimony of his prior consensual sexual experience or history with individuals other than Plaintiff at the Trial of the within matter should be granted.

    Respectfully submitted,

    MAZANEC, RASKIN & RYDER CO., L.P.A.

    *s/Terence L. Williams*
    JOHN T. MCLANDRICH (0021494)
    TERENCE L. WILLIAMS (0081363)
    100 Franklin's Row
    34305 Solon Road
    Cleveland, OH 44139
    (440) 248-7906
    (440) 248-8861 – Fax
    Email: jmclandrich@mrrlaw.com
           twilliams@mrrlaw.com

    Counsel for Defendant Tyler Smith

TRID-190137/Smith MIL to Exclude Sex History