UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| QUEEN TIERA R. MILLER, | ) | CASE NO.: 1:19-CV-01080 |
| Plaintiff, | ) | JUDGE: DONALD C. NUGENT |
| - vs - | ) | **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE AT TRIAL DEFENDANT'S SUPPLEMENTAL DISCOVERY RESPONSES WITH ACCOMPANYING EXHIBIT** |
| CITY OF SHAKER HEIGHTS, OHIO, et al., | ) | |
| Defendants. | ) | |

On August 9, 2019, Plaintiff served document requests on the Defendant.

On November 4, 2019, the deposition of Queen Miller was taken in this matter. Defendant Tyler Smith, based upon the statements made by Ms. Miller at her deposition, felt it necessary to ascertain his own bank records related to her claims, seeking to refute that he withdrew money on the day in question. No dispute exists that he gave Ms. Miller money.

Both before November 4th and after, Tyler Smith's bank records were readily available to him. He had access to them immediately before and immediately after the November deposition. As final documents are being exchanged for trial, Smith waited until February 13, 2020, three weeks before trial, to turn them over.

Plaintiff's counsel are unable to re-depose the Plaintiff and have no time to investigate other accounts where funds may have been withdrawn from.

Plaintiff sent Defendant discovery requests on August 9, 2019. Those requests encompassed any and all records related to any purported gifts or funds given by Defendant to Plaintiff. Defendant failed to produce these records in response to those requests and again failed to timely provide these records after Plaintiff's deposition.

1 | P a g e

As the records were Defendant's own bank records, a subpoena was not necessary for him to retrieve them. In essence, he simply waited until <u>after</u> the close of discovery near the eve of trial.

The Federal Rules of Civil Procedure are designed to avoid surprises and permit a party to "ambush" an opposing party with documents or information on the eve of trial.

For the reasons set forth above, Plaintiff moves to exclude Defendant from introducing any of the bank records sent as "supplemental" in mid-February, 2020. For the Court's reference, Plaintiff attaches the so-called "supplemental discovery" to this motion as Exhibit 1. For the reasons stated above, Plaintiff moves this Court to bar the introduction of Defendant's bank records, produced on February 13, 2020, which were due in September, 2019, were not made available for deposition in November 2019 and were produced after the close of discovery on the eve of trial.

    Respectfully submitted,

/s/ Jared S. Klebanow
JARED S. KLEBANOW (0092018)
KLEBANOW LAW, LLC
850 Euclid Ave. Suite 701
Cleveland, Ohio 44114
T: (216) 621-8230
jklebanow@klebanowlaw.com

/s/ Avery Friedman
AVERY FRIEDMAN (0006103)
AVERY FRIEDMAN & ASSOCIATES
850 Euclid Ave. Suite 701
Cleveland, Ohio 44114-3358
T: (216) 621-9282
avery@lawfriedman.com
fairhousing@gmail.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Avery Friedman, one of the attorneys for the Plaintiff, hereby certify that the foregoing PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE AT TRIAL DEFENDANT'S SUPPLEMENTAL DISCOVERY RESPONSE WITH ACCOMPANYING EXHIBIT was filed electronically to be served on all counsel of record through the court's electronic system on this 24th day of February, 2020.

                                                          */s/ Avery Friedman*